## Hoffman and others *vs.* Carow.

An *auctioneer* who sells stolen goods is liable to the owner in an action of *trover*, notwithstanding that the goods were sold, and the proceeds paid over to the thief *without notice* of the felony.

The exception of sales in *market overt* which prevails in England, is not recognized here.

Error from the superior court of the city of New-York. Carow brought an action of *trover* against Hoffman & Co. *auctioneers* in the city of Baltimore, for a quantity of merchandize, stolen from him in the city of New-York, and forwarded by the thief to the defendants in Baltimore, to be sold at auction. The defendants, without notice of the theft, sold the merchandize and paid over the proceeds to the thief; and they insisted, in their defence, that having done it in good faith, in the ordinary course of their business, they ought not to be held liable, and that the plaintiff should be non-suited. The court refused to grant a non-suit, and charged the jury that the plaintiff was entitled to recover. The defendants excepted. The jury found a verdict for the plaintiff, upon which judgment having been entered, the defendants sued out a writ of error.

*D. B. Ogden*, for the plaintiffs in error.

*J. Anthon*, for the defendant in error.

Hallenbeck *v.* Garner.

*By the Court,* NELSON, C. J. There can be no doubt that the felon did not acquire any title to the goods in question, and could not transfer title even to a *bona fide* purchaser. 8 *Cowen,* 240. 14 *Wendell,* 34. An exception to this general rule exists in England, in respect to sales made in market overt, but which has no application here.

It is supposed the action will not lie against the defendants. below, because the property was not found in their possession; and that the owner must follow and demand it of the person in whose possession it may be found. It is difficult to perceive any well founded distinction between the two cases, in respect to the liability of the parties; both have assumed and exercised a control over the property without right or authority, and the hardship of responding in damages is as great to one as to the other. Both lose the value of the property which they honestly purchased and paid for. This distinction was disregarded in *Williams & Chapin* v. *Merle,* 11 *Wendell,* 80. The owner is not in fault, as the property was taken without his knowledge or consent; and as between him and any other person, he presents both legally and equitably the higher and better title.

Judgment affirmed.