## LARKIN B. COLES *vs.* EDWARD D. CLARK & another.

Where the mortgagor of goods, of which the mortgagee had the right of immediate possession by a mortgage duly recorded, induced the mortgagee by false and fraudulent representations to allow the goods to remain in his possession, for a certain period, during which the mortgagor, for the purpose of cheating and defrauding the mortgagee, sent the goods to an auctioneer, by whom they were sold and the proceeds paid over to the mortgagor; it was held, that the mortgagee might maintain trover for the goods against the auctioneer, although the latter did not participate in the fraud of the mortgagor, and had no knowledge in fact of the existence of the mortgage.

THIS was an action of trover, for certain goods specified in the writ, consisting of articles of household furniture, and was tried before *Cushing*, J., in the court of common pleas.

It appeared, that the property had been mortgaged to the plaintiff, by Sarah Blake, on the 23d day of September, 1845. The mortgage was recorded according to law. It contained no clause prohibiting the mortgagee from taking immediate possession. It was in evidence, on the part of the plaintiff, that he was induced to leave the property in the possession of the mortgagor, for a certain period, upon her representation that she was expecting money from the east, with which she intended to pay off the mortgage; but, that such representations were false and fraudulent, and the property was sold clandestinely by order of the mortgagor, during the period referred to, and she refused to give any account of it. The goods were, in fact, sold by the defendants, as auctioneers, at their usual place of business in Water street, and the proceeds were paid over by them to the mortgagor before any demand was made on them by the plaintiff, and long before the plaintiff could learn what had become of the goods.

It was in evidence, also, for the plaintiff, that at various times subsequent to the sale of the goods by the defendants, and before the commencement of this action, he had requested from the defendants an account of the goods sold, and of the purchasers thereof, and had stated to the defendants how he stood in relation to the goods; but had been refused all information concerning the same by the defendants.

The jury were instructed, in substance, that though they should be satisfied, that the property had been carried off secretly by the mortgagor, and sold by the defendants, by her direction, with a design to cheat the plaintiff, and deprive him of the benefit of the mortgage, yet the defendants would not be liable to the mortgagee for the property, unless the jury should also be satisfied, either that the defendants acted in concert with the mortgagor, or had knowledge in fact of the existence of the mortgage, or unless there was something in the transactions themselves, or circumstances had come to

the defendants' knowledge, which would put men of ordinary prudence on inquiry, so that they might have come to a knowledge of the existence of the plaintiff's mortgage.

The jury, under these instructions, returned a verdict for the defendants, and the plaintiff thereupon alleged exceptions.

*C. M. Ellis*, for the plaintiff.

*E. G. Austin*, for the defendants.

SHAW, C. J.   In this case, which is trover for the recovery of goods, consisting of household furniture, claimed by the plaintiff as mortgagee, and sold and disposed of by the defendants as auctioneers, it appears, that the goods were mortgaged to the plaintiff by Sarah Blake, by an instrument in which no stipulation was contained in regard to the possession ; that the mortgage deed was duly recorded, as required by law ; and that the goods embraced therein were left in the possession of the mortgagor.

Some things must be considered as settled, in the law respecting the mortgage of personal property ; and, although the law, as it stands, may be supposed to operate as a temptation to parties to commit frauds, and to enable them to do so successfully, yet the danger of fraud is intrinsic and incident to the nature of the subject, and the remedy, if any can be devised, is for the legislature; and the law must have its effect, although it may sometimes lead to hard cases affecting individuals.

We must take it as settled, that a mortgage of a chattel vests a property in the mortgagee ; not an absolute title, indeed, but a present title, defeasible upon a condition subsequent.   An actual delivery and change of possession is not necessary to perfect the mortgagee's title, if the mortgage is duly recorded ; the registration of the mortgage supersedes the necessity of an actual delivery, and gives all parties concerned constructive notice of its execution and existence.   It seems to follow, as a necessary consequence, that goods mortgaged may be safely left by the mortgagee in the custody of the mortgagor, without the former's being chargeable with *laches*   Indeed, the most common object of such a mortgage

34*

is to enable the mortgagor to give security on the goods, and yet for the time being, to retain the custody and use of them. Another consequence of this relation is, that, as a general rule, the right of possession follows the right of property; and, therefore, where there is no restraining stipulation, the mortgagee having the right of property, until defeated by the performance of the condition, has as incident thereto the right of possession, and may therefore take the goods into his own custody, or maintain trespass or trover for them, against any one who takes or converts them to his own use.

The facts in the present case are, that Blake, the mortgagor, induced the mortgagee to forbear taking possession of the goods by false representations; that she clandestinely sent them to the defendants, who sold the same at public auction, at their place of business in Water street; and that they paid over the proceeds to her, without actual notice of the plaintiff's mortgage.

In the decision of this case, we lay out of it all consideration of the fraudulent intent and purpose, or conduct of the mortgagor. Of course, if she had a fraudulent intent, and the defendants participated with her in that intent, that would put the matter beyond doubt, upon the plainest principles of common honesty, and fair dealing. But we see nothing to fix such an imputation on them, and we presume none is suggested.

It is sufficient for the view we take of the case, that the conduct of the mortgagor was unlawful; that she had no title in herself which she could transfer to another by a sale; and that she had no authority to transfer the title of the mortgagee. And the court are of opinion, that the sale and disposition of the goods, the delivery of them and receiving the proceeds, by order and direction of the mortgagor, who had neither title nor power, was a conversion, and that this action may be maintained. *Perkins* v. *Smith,* 1 Wils. 328; *Stephens* v. *Elwall,* 4 M. & S. 259; *Hoffman* v. *Carow,* 20 Wend. 21, & 22 Wend. 285; *M'Combie* v. *Davies,* 6 East, 538.

This case is distinguishable from the case of *Leonard* v. *Tidd*, 3 Met. 6, where the mortgagee had pledged the gun, but before the plaintiffs made any claim on the defendants, they had delivered it back to the mortgagor, who had sold it to a third person. It not appearing, that it was sold or disposed of by the defendants, they were held not liable.

The case is also quite distinguishable from the case of *Strickland* v. *Barrett*, 20 Pick. 415, in which Barrett had made no disposition of the goods, but had only assisted the mortgagor in possession, whose custody was lawful, to remove them from one place to another; and, if he had no knowledge of the purpose of the mortgagor, and of the other defendant, he was not chargeable with a conversion.

The plaintiff, in the present case, had a qualified property and right of possession by virtue of his mortgage, of which the registration was constructive legal notice; the sale and disposal of the goods by the defendants was in law a conversion, without knowledge or suspicion of the fraudulent purpose of Blake, the mortgagor; and the jury should have been so directed.

*Exceptions sustained, verdict set aside, and new trial ordered in this court.*