JOSEPH L. SHARP, Impleaded with

THOMAS B. FITCH *et al.*

*v.*

CHARLES K. PARKS.

1.   STOLEN PROPERTY—*against whom owner may maintain suit for its value.*   The owner of stolen property can maintain an action for its value against a party who has innocently purchased it from the felon, and re-sold it in good faith, the property having passed beyond the reach of the owner.

2.   INSTRUCTIONS.   This court will not reverse a judgment merely because an instruction assumes there was no evidence tending to establish a proposition, when such was the fact.

Appeal from the Circuit Court of Lake county; the Hon. Erastus S. Williams, Judge, presiding.

This was an action of trover, brought in the Superior Court of Chicago, from which a change of venue was taken to the Circuit Court of Lake County, by the appellee, Charles K. Parks, against the appellant, Joseph L. Sharp, impleaded with Thomas B. Fitch, Edward W. Wicks and James M. Ellis, to recover the value of a certain quantity of wool, alleged to have been stolen from appellee, and bought by appellants from the felon, and re-sold by them to other parties. The case was tried before the court and a jury, who found a verdict for the plaintiff for the sum of $1,363.75. A motion for a new trial was made, which the court overruled and rendered judgment on the verdict, to reverse which the record is brought to this court by appeal.

Messrs. King & Scott, for the appellant.

Mr. W. D. Barry, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court :

This record presents the question, whether the owner of stolen property can maintain an action for its value against a person who has innocently bought it from the felon, and re-sold it in good faith, the property itself having passed beyond the reach of the owner. In *Hornord* v. *Smith*, 2 D. and E. 751, it was held such an action could not be maintained, but it was on the ground that there had been a sale in market overt, by which the title of the owner had been temporarily divested, and, although the act of Parliament entitled him to a restitution of the goods upon prosecution of the felon to conviction, yet the court held such conviction gave him a new title against the person in possession, but did not give him an action

against persons through whose hands the property had passed prior to the conviction, because they had held it under a valid title derived from the sale in market overt. This, at least, is the reasoning of Mr. Justice BULLER. "When," he asks, "did the plaintiff's property begin in this case? Not till after the conviction of the felon, because, before that time, the property had been altered by a sale in market overt." The additional reasoning by Lord KENYON, which is also urged in the present case that, if the plaintiff could maintain that action, he could recover, with equal propriety, against any one of the various persons through whose hands the goods may have passed, and that it can not be conceived that he should have his action against so many, does not seem to us very satisfactory. If, upon principle, the owner should be permitted to sue, the fact that the recognition of such a principle would entitle him to sue any one of various persons, is not a very good reason against its recognition. The plaintiff can have but one satisfaction, and he from whom it is obtained may sue his own vendor upon the implied warranty of title. The reasoning of Mr. Justice BULLER is very satisfactory, but it has no application to the present case, as we have in this State no markets overt, in the technical sense of that phrase.

The precise question before us was fully considered in *Hoffman* v. *Connor*, 20 Wend. 21, and in the same case on a writ of error, 22 ib. 285, and the court held there was no difference in principle between the recovery of the property itself, from the person in whose possession it may be found, and the recovery of its value from one who has bought and sold it. Our statute expressly provides that no sale of stolen property, whether made in good faith or not, shall divest the title of the owner, and, in our judgment, the inevitable sequence of this is, that at least in cases where the property has passed beyond reach, the owner may recover its value from him by whose act it has been so placed. Such was the present case. The wool was stolen in fleeces, sold to the defendants by the

65—48TH ILL.

felon, and packed by them, and if not sent out of the State, at least placed beyond identification. If the property could have been replevied on being identified in their possession, why should not they be required to account for its value, after their act had put it beyond the owner's reach, and the proceeds had gone into the defendants' pockets? We can see no good reason. It is suggested that our statute provides for an action against the person "in whose possession" the property may be found, and hence, it is urged that one can be maintained only against such person. But the statute is here speaking only of the recovery of the property itself, and in doing this it would necessarily speak of the person "in whose possession" it might be found, since the property could not be recovered from one in whose possession it was not. We do not think an argument can be drawn from this phrase of the statute.

The third instruction for the appellee is objected to on the ground that it assumes the defendant had given no evidence tending to show how or from whom he had bought the wool in his possession. Such was, undoubtedly, the fact, and, although, where the evidence is at all conflicting upon a particular point, the court should not, in its instructions, assume such point to be either proven or not proven, yet, where no evidence has been offered to establish a proposition, we can not hold it to be error, and reverse a judgment merely because an instruction assumes what there is no pretence for denying.

*Judgment affirmed.*