Haddix v. Einstman.

# DAVID HADDIX
## v.
## FREDERICK EINSTMAN.

1. BAILMENT—TROVER—DEMAND.—Appellant offered to sell certain grain to one W., agent of appellee, but failing to agree as to the price, a contract of storage was made and W., at the time of delivery, instead of storing all the grain, had the larger part mixed with appellee's grain and shipped to appellee, and the balance, on appellee's order, shipped elsewhere. A sale of the grain had not taken place, as the right of election was never exercised by W. *Held*, that an action of trover will lie against appellee, and as there was an actual conversion of the property by the bailee, no demand is necessary before bringing suit.

2. WILLFUL OR CORRUPT ACT NOT NECESSARY TO RENDER PARTY LIABLE.—In trover the innocent purchaser of stolen goods becomes responsi-

ble for their value to the real owner. It needs no willful or corrupt act to render a party liable in this form of action.

APPEAL from the County Court of Morgan county; the Hon. M. T. LAYMAN, Judge, presiding. Opinion filed February 8, 1884.

Messrs. MORRISON & WHITLOCK, for appellant; cited Story on Agency, §§ 14, 55, 56, 58, 131; Wharton on Agency, § 130; Searing v. Butler, 69 Ill. 575; Ward v. Williams, 26 Ill. 451; Williams v. Merritt, 23 Ill. 625; Foster v. Rockwell, 104 Mass. 167.

A purchaser, in good faith, of stolen property is liable in trover: Sharp v. Parks, 48 Ill. 511; Newkirk v. Dalton, 17 Ill. 413.

Where the proof shows a sale of the property, or any other actual conversion, a demand is not necessary: Howitt v. Estelle, 92 Ill. 218; 1 Chitty on Pl. 177, 6th Am. ed.

Mr. GEORGE W. SMITH and Mr. OWEN P. THOMPSON, for appellee; that where the specific thing delivered is not to be returned, the contract is one of sale, cited Grier v. Stout, 2 Bradwell, 602; Richardson v. Olmstead, 74 Ill. 213; Lonergan v. Stewart, 55 Ill. 45; Story on Bailments, §§ 283, 439; Chase v. Washburne, 1 Ohio, 244.

McCULLOCH, P. J. This was an action of trover brought by appellant against appellee to recover the value of a quantity of wheat. It appears from the evidence that appellee was engaged in the business of buying and shipping grain at a place called Lowder, where he had a warehouse. His business at that point was under the care and management of his agent, Warner. Appellant and Warner both testify that in the month of August, 1881, appellant offered to sell his wheat to Warner for one dollar per bushel, but the latter offered him only ninety cents. It was then agreed that the grain should be stored for one month without charge, and after that appellant should pay one cent per bushel per month for storage. At the same time Warner was storing wheat for

other farmers in appellee's warehouse and putting the same in separate bins.

Appellant's wheat was delivered by his tenant who had raised the same, appellant not being present at the time of delivery.

At the time of delivery, instead of storing all the grain, Warner had the larger part thereof put on board the cars and mixed with other grain of appellee, and at once shipped the same to appellee at Toledo, Ohio; and afterward the balance was, on appellee's order, shipped to Batty Brothers at Waverly.

If these witnesses tell the truth, and we see no reason to doubt their veracity, the contract was one of simple bailment. In this respect it differs very widely from the case of Grier v. Stout, 2 Bradwell, 602, and kindred cases cited by appellee's counsel. There, there was no expectation that the identical grain was to be returned. Here, on the contrary, the contract of storage has nothing in it, so far as we can see, from which it can be even remotely inferred that appellant intended to part with his ownership in the grain. It is true he testifies Warner was to have the right at any time to take the wheat at one dollar per bushel, or to sell it for that price. But that right of election was never exercised by Warner, and so the sale never took place.

The evidence seems to us very clear, therefore, that appellee has converted appellant's wheat to his own use without paying for it, and this without appellant's consent. This constitutes the tort for which the action of trover will lie. And where there has been an actual conversion of the property by the bailee, no demand is necessary before bringing suit. We therefore think appellant's right of action was clearly made out. Howitt v. Estelle, 92 Ill. 218.

The view taken of the case by the court below seems to have been that appellee could not be held liable for the acts of Warner, unless they came within the scope of his agency in carrying on the business of appellee, or unless they were subsequently ratified by appellee with full knowledge of all the facts. If, therefore, Warner had no authority from appellee to receive the wheat in store, then appellee would not be re-

sponsible for Warner's wrongful conversion of it, unless appellee subsequently ratified his acts. In accordance with this, view the court instructed the jury that, unless Warner had authority from appellee to take the wheat on deposit as a warehouseman, they should find for the defendant. By the second instruction for appellee, the jury were told, in effect, that if Warner took the wheat on deposit without authority of appellee, and converted it, or a part of it, to his own use or for the use of appellee, then appellee was not responsible for the same in this form of action, unless appellee ratified the act of Warner after full knowledge of all the facts of the case. The same idea pervades all the other instructions given for appellee. This view of the law in its application to the proof in this case is a total misconception. Had Warner, without the knowledge or consent of appellee, received the grain in store, and then converted it to his own use, or sold it to some third party and failed to account for the money, the question of authority and ratification might have been presented. But in this case appellee himself got the wheat and converted it to his own use. Warner was his agent, through whose hands he received appellant's grain. It matters not how innocently he may have acted. He received the grain which belonged to appellant and converted it. He neither bought it of appellant nor did either he or Warner sell it in pursuance 'of the contract, as testified to by appellant, but mixed it with his own grain and so rendered it impossible for appellant to regain it. This in itself was a conversion. It needs no willful or corrupt act to render him liable in this form of action. The action of trover was originally founded upon the fact that the plaintiff had casually lost his goods, and defendant having found them, had converted them to his own use. Under this action the innocent purchaser of stolen goods becomes responsible for their value to the real owner. Sharp v. Parks, 48 Ill. 511.

These instructions must have misled the jury, for otherwise they should have found for appellant. For the reasons aforesaid the judgment of the county court will be reversed and the cause remanded.

Reversed and remanded.