## Eleanor Harris, Appellee, v. August Lipman, Appellant.

### Gen. No. 24,243.

1. SALES, § 226*—*when pawnbroker liable to owner of stolen goods.* One whose diamond earrings were stolen by a Pullman porter, while a passenger on a Pullman sleeper, may maintain an action under section 243 of the Criminal Code (J. & A. ¶ 3896) against a pawnbroker in whose possession the earrings were at one time after the theft.

2. APPEAL AND ERROR, § 1491*—*when exclusion of evidence is harmless error.* In an action under section 243 of the Criminal Code (J. & A. ¶ 3896), against a pawnbroker, in whose possession the stolen earrings of plaintiff were at one time after the theft, the question of error in the exclusion of evidence on the part of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant, that at some time previous to the trial he had seen
two diamonds he had given another person in part payment for
the earrings in the possession of one of the attorneys for plain-
tiff, was not reviewable where the record disclosed that upon the de-
fendant's attorney disclaiming his ability to show how or for
what purpose the diamonds came into the possession of plaintiff's
attorney, the court ruled that this unconnected fact was immaterial.

3. SALES, § 226*—*what evidence is immaterial in action against
pawnbroker to recover value of stolen goods.* In an action under
section 243 of the Criminal Code (J. & A. ¶ 3896) against a pawn-
broker, in whose possession the stolen earrings of plaintiff were
at one time after the theft, evidence of defendant that some time
before the trial he had seen two small diamonds which he had
given another person in part payment for the earrings in the
possession of one of the attorneys for plaintiff, was not material or
relevant, especially where defendant pleaded no counterclaim or
set-off, and in brief stated that he was "not seeking to recoup."

4. SALES, § 33*—*what constitutes fraudulent sale of diamonds
exchanged for stolen diamond earrings.* Even though one who had
diamond earrings stolen by a Pullman porter while a passenger in
a Pullman sleeper received exchanged diamonds from the porter,
who had obtained them from another who had received them
from a pawnbroker in exchange for the stolen diamonds, it was at
most a fraudulent sale, voidable not at the instance of the pawn-
broker but at the interest of the vendor.

5. APPEAL AND ERROR, § 1473*—*when improper admission of evi-
dence is harmless error.* The admission of improper testimony
relating to an undisputed matter is harmless error.

6. COSTS, § 67*—*when imposed because of dilatory appeal.* The
statutory penalty of costs for appeals prosecuted for the purpose
of delay is properly imposed where the appeal is wholly without
merit.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J.
KEARNS, Judge, presiding. Heard in this court at the March term,
1918. Affirmed with judgment here for delay and costs. Opinion
filed November 11, 1918. Rehearing denied November 25, 1918.
*Certiorari* denied by Supreme Court (making opinion final).

RICHARD J. COONEY and JOHN A. VERHOEVEN, for
appellant.

DENT, DOBYNS & FREEMAN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Defendant seeks the reversal of a judgment against him for $1,000 upon a verdict in the trial of an action brought under section 243 of the Criminal Code (J. & A. ¶ 3896), which gives the owner of stolen property a right of action against any person in whose possession the stolen property may be found.

There is little dispute as to the facts. In February, 1914, two diamond earrings belonging to plaintiff were stolen from her by the porter, Classberry, of the Pullman sleeper upon which she was a passenger. Classberry sent them by mail to his rooming place in Chicago, kept by Sarah Herron, a colored woman, who gave them to her son Willis. Willis Herron testified that he was a janitor at the time of the trial, but during the 10 or 12 years previous he had been in the saloon, pool room and barber shop business in Chicago, and also "in the diamond business as a side line." He had a record of service in the penitentiary in Tennessee, was twice in the county jail here, and in the bridewell. Herron took the stolen diamonds to the defendant, a pawnbroker, with whom he had been doing business in diamonds, pawning and selling them, for over 10 years. The defendant gave him for the diamonds in question some money and two smaller diamonds, which Herron testified he gave to his mother; afterwards they came into the possession of Classberry and were on his person when he was arrested. It seems that subsequently, upon the trial of Classberry upon the criminal charge, these smaller diamonds were produced. The defendant testified that he had sold the two diamonds belonging to plaintiff which he had received from Herron, and that they had passed beyond his ability to recover them.

That plaintiff has a right of action has been decided and is conceded. *Sharp v. Parks,* 48 Ill. 511.

Defendant complains of the action of the trial court in refusing to permit him to testify that at some time previous to the trial he had seen the two small dia-

monds which he had given to Herron in the possession
of one of the attorneys for the plaintiff. There was
no reversible error in this, for these reasons: (1) The
matter is not properly reviewable for the record shows
that upon defendant's attorney disclaiming his ability
to show how or for what purpose the smaller dia-
monds came into the possession of plaintiff's attorney,
the court ruled that this unconnected fact was im-
material. (2) Defendant pleaded no counterclaim or
set-off, and in his brief before us asserts that he is
"not seeking to recoup." There is therefore no rea-
son in law making such evidence material or relevant.
(3) Even upon the assumption that plaintiff got these
diamonds from Classberry, it would be at most a
fraudulent sale, voidable not at the instance of the
defendant but at the instance of the vendor. *Michigan
Cent. R. Co. v. Phillips,* 60 Ill. 190; *Western Union
Cold Storage Co. v. Bankers' Nat. Bank of Chicago,*
176 Ill. 260. It is a reasonable inference from the tes-
timony that the incident concerning which the defend-
ant tried to testify, was the production of the smaller
diamonds in the Criminal Court at the time of the trial
of Classberry.

It may have been technically erroneous to permit
Herron to testify as to the details of the theft im-
parted to him by Classberry out of the hearing of
the defendant, but this related only to the theft of
plaintiff's diamonds, which fact is not disputed by the
defendant, hence the admission of the conversation
does not require a reversal.

Plaintiff's attorneys ask for the imposition of the
statutory penalty for appeals prosecuted for the pur-
pose of delay, and under the circumstances disclosed
by the record we are of the opinion that the appeal
is wholly without merit and comes within the statute.
We shall therefore enter judgment in this court against
the defendant for $100 as a penalty, in addition to

the ordinary costs.   The judgment of the trial court is affirmed, with judgment here for delay and costs.

*Affirmed with judgment here for delay and costs.*