**HOFFMAN–LA ROCHE, INC., Plaintiff-Appellee,**

v.

**Carl GREENBERG et al., Defendants-Appellants,**

and

**William Randazzo and Brian H. Smith, Defendants.**

**No. 18465.**

United States Court of Appeals, Seventh Circuit.

Aug. 26, 1971.

---

Lawrence H. Eiger, Martin E. Litwin, Jerome H. Torshen, Chicago, Ill., for defendants-appellants; Litwin & Sapoznick, Jerome H. Torshen, Ltd., Chicago, Ill., of counsel.

Frank Glazer, John W. Purney, Chicago, Ill., for plaintiff-appellee; John J. Pikarski, Jr., Chicago, Ill., of counsel.

Before FAIRCHILD, CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Appellee, a manufacturer of drugs, brought this civil action against six in-

dividual defendants to recover the value of merchandise allegedly stolen from its Skokie, Illinois, plant.[1] During the year preceding April 27, 1964, customer shipments having an invoice value of about $24,000 were not delivered. Some of this merchandise was pilfered by employees working on appellee's shipping dock and sold to truck drivers employed by carriers doing business with appellee. There is evidence tending to prove that one of these drivers resold stolen merchandise to appellant Mirsky, and that another driver resold three or four cartons to appellants Carl Greenberg and Dave Greenberg.

Although the two drivers apparently obtained stolen merchandise from a common source, there is no evidence that they knew each other or that either knew of the other's activities. Nor is there any evidence that Mirsky knew the Greenbergs or the driver from whom they made their purchases, or vice versa.

Appellee's complaint was in two counts. The first alleged conversion and the second conspiracy. The six defendants included an employee who stole merchandise (Randazzo), two truck drivers (Campeglia, now deceased, and Smith), two drug wholesalers (Carl Greenberg and Dave Greenberg), and a retail druggist (Mirsky). The jury returned verdicts finding all defendants except Mir-

sky guilty on Count I and all defendants guilty on Count II. Damages were assessed by the jury as follows:

|  | COUNT I | COUNT II |
|---|---|---|
| Randazzo | $2,660 | $5,138 |
| Smith | 798 | 2,202 |
| Mirsky | —— | 734 |
| Carl Greenberg | 931 | 3,303 |
| Dave Greenberg | 931 | 3,303 |

After receiving the verdicts, the court entered an order which recited that "for the purpose of entering judgment, the verdicts on Count I and Count II are consolidated in each instance and judgment entered on behalf of the plaintiff and against defendants in the following amounts. * * *" The order then recited the respective amounts assessed by the jury against each defendant on Count II and stated that those amounts were inclusive of the amounts returned on Count I. In substance, the order appears to have merged the Count I verdicts into the larger amounts returned under Count II.

██ Only the two Greenbergs and Mirsky have appealed. Treating the case as though only Count II is involved, they contend: (1) that there was insufficient proof of conspiracy; (2) that evidence was improperly received; and (3) that the record indicates that an insurance company rather than appellee is the real party in interest.[2]

1. Federal jurisdiction is predicated on diversity of citizenship. Plaintiff's claims are based on Illinois law.

2. Appellants also contend that the judgment must be set aside because the verdicts on Count II apportion damages among joint tort feasors and, therefore, are improper as a matter of Illinois law. This issue was first raised in their reply brief. Appellee argues that this error was not properly preserved either by timely objection in the district court or by compliance with Rule 28 of the Federal Rules of Appellate Procedure and Rule 10 of this court.

Appellants' statement of the applicable law is clearly correct. Parties to a conspiracy are joint tort feasors. People v. Small, 319 Ill. 437, 480, 150 N.E. 435 (1926); Doremus v. Hennessy, 62

Ill.App. 391, 402 (1st Dist.1896) aff'd 176 Ill. 608, 52 N.E. 924 (1898). Their liability is joint and several. The amount of each conspirator's liability is the same as that of his partners. Neither the jury nor the court can apportion damages among such joint tort feasors. See Schwehr v. Badalamenti, 14 Ill.App.2d 128, 134, 143 N.E.2d 558 (4th Dist.1957); Michels v. Bezley, 12 Ill.App.2d 456, 459–462, 140 N.E.2d 134 (2nd Dist.1957).

In view of our disposition of the appeal we need not decide whether appellants should be deemed to have waived this issue. See Hormel v. Helvering, 312 U.S. 552, 556–557, 61 S.Ct. 719, 85 L.Ed. 1037; cf., Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, & n. 6, 91 S.Ct. 1434, 28 L.Ed.2d 788.

## I.

■ Both parties have laboriously argued the evidence, as well as the law, applicable to proving a conspiracy charge. Rather than reviewing their arguments in detail, we shall merely summarize our conclusions.

We think the evidence adequately supports the verdicts on Count I. Unquestionably some, though not all, of the undelivered merchandise was stolen by Randazzo. Unquestionably Randazzo sold some of it to Campeglia and some to Smith. The circumstances under which Campeglia transferred cartons from his truck to Dave Greenberg's car on April 23, 1964, and to Carl Greenberg's car on April 27, 1964, provide an adequate basis for the jury's inference that each of the Greenbergs knowingly acquired possession of merchandise stolen from appellee. There was adequate evidence from which the jury could properly find each of them guilty of conversion.[3]

On the other hand, we think the evidence of conspiracy was insufficient to support the verdicts against the three appellants on Count II.

■ Circumstantial evidence may provide adequate proof of conspiracy. The law does not demand proof that each conspirator knew the exact limits of the illegal plan or the identity of all participants therein. But it does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. Repetitive or parallel transactions may establish the existence of such a joint venture, but isolated instances, explicable without reference to a continuing or broader program, may not.

"Thieves who dispose of their loot to a single receiver—a single 'fence'— do not by that fact alone become confederates; they may, but it takes more than knowledge that he is a 'fence' to make them such." United States v. Lekacos, 151 F.2d 170, 173 (2nd Cir. 1945), reversed on other grounds sub nom. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

■ Mirsky was found innocent of conversion. Even if he had been found guilty, one or more illegal purchases during a two week period would not be sufficient to charge him with knowledge of, or responsibility for, a conspiracy which appellee claims had been continuing for about a year and involved at least six participants, only one of which (Smith) was known to Mirsky. It would unduly extend the conspiracy concept to make a purchaser of a few cartons of stolen merchandise a conspirator with all others who had made purchases from intermediaries dealing with a common thief.

■ The case against the Greenbergs is somewhat stronger because their conversions were established and each of them engaged in a similar transaction with the same driver, Campeglia. But their responsibility for the specific transactions proved is established by the Count I verdicts. For the reasons stated above, there is no basis in the record for expanding the scope of their liability to include sales which Randazzo made to Smith (neither of whom they knew or had even heard of), nor to include sales by Smith to Mirsky and perhaps to others who have never been identified.

The character of their wrongdoing does not warrant an expansion of the scope of their liability beyond a reasonable interpretation of the facts. There is no evidence that the Greenbergs conspired with Mirsky or Smith, and the inference that they might have conspired with Randazzo through Campeglia as an intermediary is too weak to stand on this

---

3. Indeed, it would appear that, under Illinois law, it was not necessary for plaintiff to prove that the Greenbergs knew the merchandise was stolen. See Sharp v. Parks, 48 Ill. 511 (1868); Harris v. Lipman, 212 Ill.App. 499 (1st Dist.1918); see also Illinois Code Comment accompanying Smith-Hurd Ill.Anno.Stat. Ch. 26, § 2–403.

record. The proof of conspiracy is insufficient. *Cf.*, Bergeson v. Mullinix, 399 Ill. 470, 474–475, 78 N.E.2d 297 (1948); Bimba Mfg. Co. v. Starz Cylinder Co., 119 Ill.App.2d 251, 266–269, 274, 256 N.E.2d 357 (1st Dist. 1970).

## II.

We have considered the other matters argued by appellants, but in view of our disposition of the appeal have concluded that they are not of sufficient importance to make another trial of the issues raised by Count I appropriate.

We have decided that the judgment against appellants must be vacated, that judgment in their favor and against appellee should be entered on Count II, and that judgments in the amount of $931 each should be entered against Carl Greenberg and Dave Greenberg on Count I.

The judgment is vacated and the case is remanded to the district court with instructions to enter judgments in accordance with this opinion.