**Robert E. McKELVEY, Jr.**

v.

**MARRIOTT CORPORATION, etc., et al.**

**Civ. A. No. M-78-189.**

United States District Court,
D. Maryland.

March 31, 1980.

J. Edward Davis, Daniel T. Doherty, Jr., and Steven K. Fedder, Baltimore, Md., for plaintiff.

B. Ford Davis, John H. Mudd, H. Thomas Howell, Sidney G. Leech, James R. Eyler, Baltimore, Md., and Charles A. Trainum, Jr., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

On January 23, 1980 the Court filed a memorandum and order reconsidering its prior dismissal of defendants Sparks and First Newport on Count I (the conspiracy count) of the Amended Complaint in this action. As directed, the plaintiff has sub-

mitted a memorandum setting forth the facts adduced through discovery which the plaintiff contends would support an inference that defendants Sparks and First Newport were knowing members of the alleged conspiracy to defame the plaintiff. (Paper 183). Since the defendants have filed their response (paper 191), this matter is now ready for determination.

In ruling on the dismissal of defendants Sparks and First Newport it is important to focus on the fact that the conspiracy alleged by the plaintiff is a conspiracy "to libel, slander, and/or defame the plaintiff." (Paper 26, paragraph 17). As a *result* of the alleged conspiracy, the plaintiff claims that he was terminated as manager of the Carousel (*Id.* paragraph 24).

The plaintiff has failed to show any defamatory remarks made by defendant Sparks. Accordingly, the only theory upon which defendant Sparks, and consequently defendant First Newport, can be held in on the conspiracy count (Count I) would be that defendant Sparks knowingly participated in the alleged conspiracy to defame the plaintiff in which event alleged overt acts committed by other co-conspirators in furtherance of the conspiracy would be also attributable to defendant Sparks. The evidence presented on this point, even taken in the light most favorable to the plaintiff, would not support such a finding.

■ The evidence presented indicates that defendant Sparks had a rapidly deteriorating working relationship with the plaintiff. The evidence further supports an inference that defendant Sparks wanted the plaintiff removed from his position as manager of the Carousel and that defendant Sparks' dissatisfaction with the plaintiff played a substantial role in the decision to have the plaintiff terminated. This, however, does not make defendant Sparks a knowing participant in any alleged conspiracy to defame the plaintiff.

Defendant Sparks was First Newport's agent to serve in connection with its Car-

ousel interests. Marriott was engaged to perform management services at the Carousel. Thus defendant Sparks served as a sort of liaison between First Newport and Marriott and necessarily was interested in seeing that the Carousel was managed in the proper fashion. The record adduced through discovery clearly shows that their was tension in the Carousel staff stemming from dissatisfaction with some of the plaintiff's management procedures. Given defendant Sparks' position, one would necessarily expect him to meet with Carousel employees and evaluate the plaintiff's performance. Further, there is nothing improper in defendant Sparks expressing dissatisfaction with the plaintiff to Marriott through Bailey.

■ Bailey's deposition clearly indicates that defendant Sparks had no role in the alleged conspiracy directly responsible for terminating the plaintiff. As his deposition indicates, this decision was based, in large part, on Sparks' dissatisfaction with the plaintiff. Bailey, however, denied ever having heard it said that the plaintiff had embezzled[1], taken kickbacks, or otherwise acted improperly with regard to the management of the Carousel. (Paper 132, pp. 180–183). It is illogical to argue that defendant Sparks knowingly conspired to defame the plaintiff in order to have him fired when there is no evidence that Sparks relayed any of the alleged defamatory material regarding the plaintiff to the person empowered to terminate the plaintiff.

Thus, although the discovery material filed herein indicates that defendant Sparks was a critical factor in Marriott's decision to terminate the plaintiff, it in no way indicates that Sparks participated in a conspiracy to defame the plaintiff in order to have him terminated. If anything, the only inference which can reasonably be drawn from the evidence is that defendant Sparks' evaluation of the plaintiff was tainted by alleged defamatory statements made by other defendants. Looking at Sparks' behavior, however, the court finds no evidence

---

1. Bailey did state that he heard a rumor that Cimetta had said that McKelvey had embez-zled, but this was not linked to defendant Sparks. (See Paper 132, p. 181).

from which a jury could reasonably infer that defendant Sparks knowingly participated in a conspiracy to defame the plaintiff. Any conclusion of that nature would be based on nothing other than pure conjecture. As the Seventh Circuit stated in *Hoffman-La Roche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971):

> "Circumstantial evidence may provide adequate proof of conspiracy. The law does not demand proof that each conspirator knew the exact limits of the illegal plan or the identity of all participants therein. But it does require that there be a single plan, the essential nature and general scope of which is known to each person who is to be held responsible for its consequences. Repetitive or parallel transactions may establish the existence of such a joint venture, but isolated instances, explicable without reference to a continuing or broader program, may not."

*Cf. Byrd v. Local Union No. 24, Int. Bro. of Electrical Workers*, 375 F.Supp. 545, 558 (D.Md.1974).

In the present case defendant Sparks' actions are logically explained by his position as First Newport's agent at the Carousel. Absent some evidence which would support a finding that defendant Sparks was a knowing participant in the alleged conspiracy, and not simply an agent overseeing the management at the Carousel, the court finds that defendants Sparks and First Newport are entitled to summary judgment as to the allegations contained in Count I.

Accordingly it is ORDERED this 31st day of March, 1980, by the United States District Court for the District of Maryland that the plaintiff's Motion to Reconsider the Dismissal of defendants Sparks and First Newport under Count I is DENIED.